Good morning, Joshua Bachrach. I represent the appellant, in this case Reliance Standard, and I'm going to try and reserve a few minutes of time for rebuttal also. At issue in this case is whether Reliance Standard correctly calculated the monthly benefit in this ERISA disability plan. The disability plan calculates the benefits based on covered monthly earnings. Now, covered monthly earnings include salary. In addition, it includes commissions averaged over 24 months for a salesperson. Now, the district court in this case, looking to that second part, said I'm going to average his compensation, total compensation, over 24 months because his pay is akin to a salesperson. But the problem with this is Dr. Joas is an anesthesiologist. He's not a salesperson. Well, that may be, counsel, but he isn't on a salary either, is he? Yes, he is, Your Honor. If you look at this Court's decision in Gillian v. Nevada Power, it's an ERISA case also, and that issue was the calculation of a benefit. This Court looked to the word salary in seeing whether the benefit amount was calculated properly. And what that Court did was it looked to Black's Law Dictionary. Well, let's look to Webster's Third Dictionary. That's the one you used in the Fifth Circuit. Why don't you use that definition? Well, that also includes, it's a method, a fixed method of compensation. Fixed compensation paid regularly as by the year, quarter, month, or week for services. And you argued there that he had a base salary. Okay, so what's his base salary in this case? For Dr. Joas? Yes. What's his base salary? His base salary is the percentage of the services pursuant to his employment contract with ASMG. Okay, so that means that if he was fortunate enough to become totally disabled after his best month ever in his life because of the fortuity of collections and services rendered, reliance would have been willing to pay him based on a calculation that would say based on $90,000 that he earned in one month, even though he hadn't earned a penny in the preceding four months. And that's his salary. That is correct. And that's how it has been. And my understanding, just so I understand the posture of this case, since there seems to be this question, I agree with you, it's a little hard to see him as a salesman. But the logical question is, well, how has reliance done? Has it had any other comparable cases in its history and is this consistent with the way it's treated other comparably situated people? The answers in the discovery responses were asked whether we had any other people similarly situated. The answer to that question was no, because no other person under ASMG, this anesthesia service group. I see. So it had to be an anesthesiologist. You were willing to argue you're willing to argue our prior case or in your Fifth Circuit case, you'll invoke that. But it had for purposes of making any comparability analysis, it has to be an anesthesiologist. Is that your position? There are people. My understanding is there are salespeople for ASMG and they would be calculated based on the salesperson method. But we have paid other people benefits under this policy. And those people were calculated in accordance with the way it was done for Dr. Joe's. And those were all turned over as part of the discovery. That was never specifically requested. He asked only for people who we calculated according to this salesperson. We said there are no other people. He could have asked us for everybody and every anesthesiologist. Let us know how you calculate the benefit. That wasn't asked or we clearly would have provided it. Now, Your Honor. Counsel. Counsel. Judge Golub with a question. I have some problem understanding the your client's position. As I understand it, he wasn't paid like a fixed amount of salary per month. Rather, each month he would get what he brought in to the group. Less some percentage administrative fee or something like that. I think in addition to that, correct. I think in addition, he would get an administrative fee. No, they subtracted the cost. I thought it was like the revenues he generated minus some administrative fee or what his monthly pay was. Maybe I misread it. My understanding of his contract was that he got a percentage of the service that he provided plus the administrative fee that was charged. I may have misread that. But yes, his pay did fluctuate, Your Honor. Month to month. Well, if that's the case, it's sort of analogous to a law firm where they say we're going to pay the partner. You eat what you kill. What you bring in the door is going to be paid to you. And, you know, that's true. It's not a he's not a salesman under traditional process, but he he's also not on a salary as that term is normally used. I disagree, Your Honor. I'm sorry. I didn't mean to interrupt. Go ahead. I truly did, Your Honor. I'm sorry. The the term salary that was adopted by this court in in the Gilliam case is an agreed compensation for services provided. And that is over inclusive. I mean, it's you. You don't even use that. There's an annualized concept in your definition. Well, but we also relied on the blacks law one from Gilliam in our briefs to your honor. And the fact is, under no concept can this person be considered a salesperson. And you have to look not get away from salesperson. The question is whether salary in the normal and ordinary course makes any sense to say that it fluctuates. And month to month on the fortuity of hours, work and dollars collected as salary. OK, so black and the one used in the Fifth Circuit case injects the notion of regular payment over a period of time, such as a year. It's the annualized, which is the concept, which is the concept that is clearly evident in the construct of your policy, your client's policy, which is where it's episodic salesperson or the other. There's a there's a formula and there's there's a way of averaging it out to make it logical. And that's what, at least from my standpoint, is curious about your client's position. It's it doesn't clearly he's clearly not a salesman as a salesman is, but neither is a law partner. As Judge Gould said, they aren't salesmen. But I don't think any partner in a law firm who's getting a monthly draw that fluctuates up and down would consider that his salary. Your Honor, he's clearly more of a salaried employee than he is a salesperson. Under no stretch of the concept can he be considered a salesperson. And in numerous cases, A, you can't insert words into the policy like this Court did by using the word akin. And you also can't torture or twist it. We're only looking at the method of payment if the person's a salesperson. You can't say, well, I prefer to use this one because it's more advantageous. If he's not a salesperson, you can't use that average. And the policy specifically refers to eight monthly, his his salary in the month before he becomes disabled. So it doesn't impart a yearly notion or an annual notion to it. But I think also the fact that counsel counsel, I've got a follow up question. Did the does the record in this case show how the insurance company underwrote the policy? That is what they assess in terms of expected payouts. How they calculated a premium based on the risk. Because one would wonder if if they contemplated that where income paid to a person, you know, buried over time, that there would be some averaging of that. So I just I don't want to know if it's not in the record, but I was curious if the discovery in this case touched on that. It's not on the record, Your Honor. There's no my my recollection is there's nothing I would like to reserve any remaining time for rebuttal. Thank you very much, Your Honor. Dave Sharp here on behalf of Dr. Joe's. I'd like to talk about the findings of the district court using the clear error review standard. The district court found that Dr. Joe's was not paid a salary. And that is not only plausible. That finding was correct. Dr. The court also found that Dr. Joe's was method of payment was commission based. That is, his payment, his earnings per month were based upon work performed and fees received. That's the quantity of work performed and the fees received. It's commission based. The district court found that reliance did not comply with ERISA regulations. That is, again, not just plausible. That is correct. The court found that in the Kassenheimer case, the fifth district case, that reliance took a contrary position. The position taken by reliance in that case, as pointed out by the district court, is that agreed method of payment is not salary. Whereas in this case, reliance has insisted that agreed method of compensation means salary. It doesn't. It is the agreed amount of compensation. That by itself, that finding by itself by the district court, that reliance took a position contrary in a Fifth Circuit decision. In essence, the same policy, the same language, would be per se arbitrary and capricious. And that, of course, would meet the abuse of discretion standard. It also would not be in good faith if, in fact, reliance, as the court found, argued on one hand what the salary meant and to the contrary position, argued it to the Ninth Circuit or to the district court. The district court also found that the decision to classify Dr. Joe's as a salary employee conflicted with the plain language of the plan. The plain language of the plan was that anesthesiologists, and there's no evidence at all that there were salespeople at ASMG. That statement by counsel is simply not in the record at all. The language of the plan was to provide stability and certainty to an employee when that employee became disabled. It wouldn't and should not be just the luck of the draw in determining when the person, what the benefits would be depending upon when the person became disabled. The policy is clear. It tries to average, whether it be an hourly employee or a commission employee, or if the person is paid a salary, that is an agreed amount annually. That amount is averaged. And that was the intent of the plan, to provide security for an employee to know what his or her disability benefits would be. And that... What was the evidence that the understanding was that the salary would be averaged annually? If, in fact, someone is paid annually, they average that over a 12-month period, Your Honor. That's what I meant to say. That is, if you're a salary-based employee, it's in the policy language, and you're paid annually, you average that over 12 months to determine the monthly covered benefits. Okay. Now, I may have misunderstood what you asked for, but so I'll let you tell me. What did you ask for from Reliance to find comparable circumstances where they had applied the approach? Okay. I asked, starting, I think, September 2002, when I became involved as Dr. Joe's lawyer, through February 19, 2003. The correspondence is attached there. I asked repeatedly for the entire file. It was never provided that. I asked repeatedly for... The entire file what? I asked for all relevant documentation. The Court found that they did not... I'm just looking for comparables, not lists. I asked for similarly situated, my correspondence phrased it this way, similarly situated persons. I repeatedly asked. My correspondence, it might be, I haven't counted them, but it might be three, four, five. I asked for similarly situated persons. I asked in discovery in 2007, in essence, the same question, similarly situated persons. The exact interrogatory is in the record. But what Reliance did was no anesthesiologist has ever said they want to be classified as a salesperson. That was their response, which I thought to be rather glib. It kind of begged the question, how do you handle fluctuating earnings, such as Dr. Joe's? Not whether Dr. Joe's wants to be called a salesperson, but how have you handled in the past? And the response was, in the interrogatory, it's in the record, Your Honor, that no doctor has ever asked to be a salesperson. Is it correct, counsel, Judge Gould, that there was no discovery about the insurance company's underwriting methods or assumptions in offering this policy? That is correct. There was no actuarial – there was no request for the actuarial findings. We know the amount of the premiums. The premiums were $155,000 a year. We know that. I think I argue in the papers, one, an insurance company, it can be reasonably inferred that an insurance company is basing premiums on actuarial statistics. That is, it's an average amount. But there was no discovery conducted for that purpose, Your Honor. So under the clear error standard, Your Honor, there seems to be no question that the district court's findings should be upheld, and the ruling that it was unreasonable and arbitrary and depreciate should be upheld as well. I think I have two minutes and 33 seconds. If the Court wishes, I could respond to questions. I don't think so. I have none. You can give your time to your opponent as far as I'm concerned. Well, I'm not that generous. But I appreciate your time. Thank you very much. I'm going to anticipate my first request. But briefly, in the Cousenheimer case, it had nothing to do with this policy. It was a completely different language. It had no salesperson language in it. In that case, he was paid a distinct salary identified on the pay stubs. He tried to say his car allowance should also be included. The two facts have nothing to do with one another. Let me sharpen my question. I should have been clearer on the Black's Law Dictionary from Gilliam. That's why I was getting confused. I thought it was your own. But it's actually with Gilliam, which is the case you rely on. And it says, similarly, Black's defines the term salary as an agreed compensation for services, especially professional or semi-professional services, usually paid at regular intervals on a yearly basis. That's where the annualized concept comes from, the very case that you say we are bound by. Okay, so that is precisely the concept that I think most of us carry with us in our heads on professionals. And that is the understanding of salary that Gilliam adopted. It didn't adopt some fluctuating monthly basis. So all Gilliam, as I understand it, gets you to is an annualized understanding of salary. Well, I view it differently, Your Honor. He's paid at intervals. He's paid for the services. But, Your Honor, to me, the issue is this. If it's not a salary, he clearly doesn't fall within the salesperson. He falls within the concept, the calculating concept. But we understand your argument there. Now, the second question I want to get, I'll give you some more time, but I want to get my questions answered. Yes, sir. The letters requested those whose calculations were based on similarly situated benefits calculated on a similarly situated basis. What was Reliance's response to that? Your Honor, that is not the specific request, by the way. I know. Here's the request. I'm not sure how. I'm reading from the letter of September 12th. Please provide examples of similarly situated persons where Reliance used the same benefit analysis as for Dr. Joe's. Examples of similarly situated persons for which Reliance used a different method of determining benefits than he did for Dr. Joe's. Your Honor, the first time this case was before the district court, he didn't raise that. He raised the issue in district court. I'm just asking what Reliance's response to that was. Reliance's response at that time was this information that you've asked regarding other claimants is confidential, and the district court agreed. And the district court said you could ask for that in discovery. So when this case returned the second time to the district court, he propounded discovery, which, and I'm trying to find the exact request, but it was nowhere near. What he simply said is identify others who are similarly situated to Dr. Joe's, and Reliance Standard explained that there are none because no other people claimed to be salespersons who were anesthesiologists under this plan. All right. Okay. Thank you. Thank you, Your Honor. All right. The case argued is submitted. We appreciate the arguments. Thank you, Your Honor. Your Honor, can I have a borrow of two seconds? I just want to remind the court that I have some currency. Yeah. You don't have to argue everything that's in your brief. Nothing's waived. Okay. And the last case on calendar for the day is Duffy v. City of Desert Hot Springs.
judges: Fletcher B. , Fisher, Gould